# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS – DALLAS DIVISION

| | |
|---|---|
| ROBERT BALDWIN, § | |
| PLAINTIFF § | |
| § | |
| VS. § | CIVIL ACTION NO.3:24-cv-01202 |
| § | |
| TD AUTO FINANCE, LLC, and § | |
| § | COMPLAINT |
| EQUIFAX INFORMATION SERVICES, § | |
| LLC, and § | AND |
| § | |
| EXPERIAN INFORMATION § | DEMAND FOR JURY TRIAL |
| SOLUTIONS, INC., and § | |
| § | |
| NATIONSTAR LOCATION § | |
| SERVICES, LLC and § | |
| § | |
| ASSOCIATED CREDIT SERVICES. LLC § | |
| § | |
| DEFENDANTS § | |

## COMPLAINT

COMES NOW the Plaintiff, ROBERT BALDWIN (hereafter "Plaintiff" or "Baldwin"), by Counsel, James A. Foley of the Ciment Law Firm, PLLC, and for his complaint against the Defendants, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act) and the 15 U.S.C. §1592 (Fair Debt Collection Practices Act)

### JURISIDICTION AND VENUE

2. Jurisdiction of this Court is conferred by 15 U.S.C. §1681p, and 28 U.S.C. §1331.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred, as well as a substantial part of the acts and omissions that are the subject of this action, in this Judicial District. Plaintiff resides in Tarrant County, Texas, and in the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural person and is a resident of Fort Worth, Tarrant County, Texas. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c) and 15 U.S.C § 1692a(3).

5. Defendant EQUIFAX INFORMATION SERVICES, LLC (hereafter "Equifax") is a foreign for-profit corporation registered to do business in Texas, and it may be served through its registered agent, Corporation Services Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701. Defendant is a "consumer reporting agency", as defined by 15 U.S.C §1681a(f), and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

6. Defendant EXPERIAN INFORMATION SOLUTION, INC. (hereafter "Experian") is a foreign for-profit corporation registered to do business in Texas, and it may be served through its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 78701. Defendant is a "consumer reporting agency," as defined 15 U.S.C §1681a(f), and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

7. Defendant TD AUTO FINANCE LLC (hereafter "TD Auto") is a foreign for-profit Corporation registered to do business in Texas, and may be served through its registered agent, Corporation Service Company dba Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701. Defendant is a "furnisher" of information, as defined by 15 U.S.C.§1681s(a)&(b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumers.

8. Defendant NORTHSTAR LOCATION SERVICES, LLC is a for-profit Corporation registered to do business in Texas, and may be served through its registered agent, CT Corporation Services, LLC, 1999 Bryan Street, Suite 900, Dallas, TX 75201. They are a debt collector as defined by 15 U.S.C. 1692(a)(6).

9. Defendant ASSOCIATED CREDIT SERVICES, Inc., is a for-profit Corporation registered to do business in Massachusetts, and may be served through their registered agent, Andrew B. Robinson, 3 Highwood Drive, Suite 102E, Tewksbury, MA 01876. They are a debt collector as defined by 15 U.S.C. 1692(a)(6).

## CONSUMER DEBT

10. The alleged debt is an obligation or alleged obligation of the Plaintiff to pay any money arising out of a transaction in which the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes. It is a consumer debt as defined by 15 U.S.C. §1692.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

12. On or about July 13, 2018, Plaintiff entered Fenton Hyundai of Mesquite, TX (hereinafter referred to as "Fenton"). Fenton, which has since gone out of business, is a car dealership that sells motor vehicles to the public. Fenton also helps its potential customers to obtain financing for their purchases. Upon entry into the premises Plaintiff looked at a number of vehicles before settling on the one that he liked, a 2012 Cadillac CTS. Terms were discussed and some paperwork was signed. Plaintiff was told to come back later to pick up his vehicle. Several days later he returned to the dealership the vehicle was not ready. Ultimately Plaintiff elected not to purchase the vehicle. There was no delivery of the vehicle, there was no money loaned to plaintiff. See Exhibit A, letter from Fenton Hyundai.

13. Despite this, TD Auto continues to try to collect this debt. On November 25, 2020, TD Auto sued Robert Baldwin in Tarrant County Court at Law 2 in case styled *TD Auto Finance LLC v Robert F. Baldwin*, cause number 2020-006830-2. Mr. Baldwin retained the services of James Foley (then James Foley PLLC) to defend the lawsuit. Attorney Foley filed a countersuit for a declaratory judgment, asking the Court to declare that the sale never happened, and that Baldwin did not owe this debt. TD Auto agreed to a mutual release on January 26, 2023. The Presiding Judge of the Court signed an order dismissing both claims with prejudice. Under Texas law a dismissal with Prejudice functions as a final determination on the merits; *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999). A **dismissal with prejudice** is an adjudication of the parties' rights; *In re Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 653 (Tex. 2009). Under Texas law TD Auto had 30 days to initiate an appeal but they did not. Under Texas law Robert Baldwin does not owe this debt.

14. Despite the Court's ruling, and the fact that Mr. Baldwin never borrowed this money, TD Auto continues to this day to report this purported debt to the credit bureaus. As Baldwin does not owe this debt, that tradeline is inaccurate. TD Auto has also recruited the use of two collection agencies, Defendants NorthStar Location Services, LLC, and Associated Credit Services, LLC, to further harass Mr. Baldwin over a debt he does not owe.

15. In March 2023 Plaintiff disputed this debt with all 3 credit bureaus, Experian, Equifax, and TransUnion. The letters were sent via certified mail, return receipt requested. Each dispute letter had enough information to identify both Mr. Baldwin and the TD Auto Finance account, and a detailed explanation as to why Baldwin did not owe the debt and the tradeline was inaccurate. Also included were a copy of the settlement agreement between the parties.

16. Trans Union deleted the tradeline and as such they are not a party to this lawsuit. In April 2023 Experian and Equifax responded to the dispute, submitting the results of their investigations. Upon information and belief, rather than do their own investigation or following the Court Order, Experian and Equifax merely parroted whatever TD Auto told them. The letters stated that Experian and Equifax were validating the debt.

17. In April 2023 Plaintiff again disputed this debt with both Experian and Equifax. The letters were sent via certified mail, return receipt requested. Each dispute letter had enough information to identify both Mr. Baldwin and the TD Auto Finance account, and a detailed explanation as to why Baldwin did not owe the debt and the tradeline was inaccurate. Also included was a copy of the settlement agreement between the parties.

18. In May 2023 Experian and Equifax submitted the results of their investigations. Upon information and belief, rather than do their own investigation or following the Court Order, Experian and Equifax merely parroted whatever TD Auto told them. The letters stated that Experian and Equifax were validating the debt. In doing so, both defendants are deliberately ignoring a valid Court Order from the duly elected Judge of that Court.

19. On or about July 13, 2023, Plaintiff disputed the debts again with Experian and Equifax. This time the disputes were done by phone. Upon information and belief, rather than do their own investigation or following the Court Order, Experian and Equifax merely parroted whatever TD Auto told them. The letter stated that Equifax and Experian were validating the debt.

20. The Defendants received dispute letters. Each correspondence was sent via certified mail, return receipt requested. Furthermore, both disputes included copies of the settlement agreement. While the law calls for Credit Bureaus to have reasonable procedures in place and to conduct reasonable investigations, certified letters do not appear to get heightened scrutiny, and settlement documents from the furnisher do not appear to have any effect on the Defendants. Upon information and belief, this is a common practice for Defendants Experian and Equifax. See *Rhonda K. Russell v. Equifax, et al*, 4:16-cv-247-Y, a case with Experian and Equifax as Defendants and almost the same set of facts. See also *Durrell T. Jones v. Equifax, et al*, 4:17-cv-00186-O, *Robert J. Case v Equifax, et al*, 4:18-cv-00051-O, and *Sherry S. Swindell v Equifax, et al*, 4:18-cv- 00201-O, more cases where a Court of competent jurisdiction ruled that plaintiff take nothing on a collection suit, but after a valid dispute, sent via certified mail, including a signed Court Order, that was completely disregarded by the Defendants Experian and Equifax.

21. TD Auto is a source that the credit bureaus know, or should know, is inherently unreliable. A cursory review of PACER shows that 3 pages of lawsuits against TD Auto for various consumer rights violations.

22. On or about July 22, 2023, Plaintiff applied for credit. Specifically, he applied for a Citibank credit card. Plaintiff was denied credit after Citibank reviewed his Equifax credit report. Plaintiff currently lives in an apartment and would like to invest in a home. He was denied credit, and the inaccurate TD Auto Tradeline was a substantial factor, if not the only factor, in the credit denial.

23. On or about April 29, 2023, Plaintiff applied for credit. Specifically, he applied for a Chase credit card. Plaintiff was denied credit after Citibank reviewed his Equifax credit report. He was denied credit, and the inaccurate TD Auto Tradeline was a substantial factor, if not the only factor, in the credit denial.

24. The reporting of this inaccurate credit information on Plaintiff's credit report negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness. This information was furnished by TD Auto and reported by Experian and Equifax, misrepresenting the payment history and/or status of Plaintiff's account, and is currently being reported and is reflected on Plaintiff's credit report/credit profile, resulting in lowering Plaintiff's credit score, loss of creditworthiness, credit reputation, and furthering Plaintiff's damages.

25. On or about May 23, 2023, Plaintiff received a collection letter from Defendant NorthStar Location Services LLC. The letter was making a demand for the purported debt to TD Auto. The letter was sent despite the fact that the contract between Baldwin and TD Auto was never consummated, funds were never sent to Baldwin, the vehicle was never delivered, and The Court dismissed TD Auto's case with prejudice. Receipt of this letter only caused Plaintiff to have more mental distress over a debt that he did not owe.

26. On or about October 19, 2023, Plaintiff received a collection letter from Associated Credit Services, Inc. The letter was making a demand for the purported debt to TD Auto. The letter was sent despite the fact that the contract between Baldwin and TD Auto was never consummated, funds were never sent to Baldwin, the vehicle was never delivered, and The Court dismissed TD Auto's case with prejudice. Receipt of this letter only caused Plaintiff to have more mental distress over a debt that he did not owe.

27. As a result of the inaccurate reporting of this credit information and each of the Defendant's failure to conduct proper investigations, the TD Auto tradeline has been a substantial factor in Robert Baldwin being denied credit.

28. Because of the actions of Experian, Equifax, and TD Auto, Plaintiff's credit score has been negatively affected.

29. Because of this, the Plaintiff has suffered damages and future damages that have yet to be determined.

30. Plaintiff's credit reports, credit information, and credit files formulated by Experian and Equifax have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information furnished by TD Auto and reported by both credit bureaus damaged Plaintiff's credit rating and lending availability.

## CAUSES OF ACTION

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. This suit is based upon the Defendants violation of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff suffered.

## FAIR CREDIT REPORTING ACT VIOLATIONS

33.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

34.     This suit is brought against Defendants Experian and Equifax as the damages made the basis of this suit were caused by their violation of the FCRA. In all instances of violating the FCRA, Defendants did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorney's fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance", reads, in relevant part:

> **(a)     Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:**
>
> > **(1)     (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000;**
> > **(2)     such amount of punitive damages as the court may allow; and**
> > **(3)     in the case of any successful action to enforce any liability under the section, the costs of the action together with reasonable attorney's fees as determined by the court.**

15 U.S.C. §1681o, "Civil Liability for negligent noncompliance", reads, in relevant part:

> **a.     Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:**
>
> > **i.     any actual damages sustained by the consumer as a result of the failure; and**
> > **ii.    in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.**

## EXPERIAN'S FCRA VIOLATIONS

35.     Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

36.     Experian violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's dispute.

37.     Plaintiff, with the assistance of his attorney, disputed his TD Auto account with Experian with a detailed dispute letter, which also included the petition and the Court Order, ruling in favor of her. Two dispute letters were sent, and a phone call was made, disputing the inaccuracy of the account. Experian repeatedly notified Baldwin that they would continue reporting the inaccurate

information, and would continue to report the inaccurate tradeline, even though Experian received a Court Order stating that Baldwin did not owe TD Auto the amount that they are reporting.

38. If Experian had conducted a reasonable, good-faith investigation, they should have determined that TD Auto was providing them with inaccurate data.

15 U.S.C. §1681i(a)(1)(A), "Procedure in case of disputed accuracy", reads, in relevant part:

> **(a)    Reinvestigations of disputed information**
>
> > **i.   Reinvestigation Required**
> >
> > > **(A)    *In general*. Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.**

15 U.S.C. §1681i(a)(5), "Treatment of Inaccurate or Unverifiable Information", reads, in relevant part:

> **(A)    *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall -**
>
> > **(i)    promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and**
> >
> > **(ii)   promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.**

39. Experian is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Experian had followed reasonable procedures to assure maximum accuracy, Experian would not have allowed TD Auto to continue reporting false, misleading, and inaccurate information. More than once, Experian received a detailed and thorough dispute letter, with a copy of the state court lawsuit filed against Baldwin and the Court Order that ruled in favor of Baldwin. Experian was put on notice that the information that they were reporting was false, misleading, and inaccurate.

Section 15 U.S.C. §1681e(b), "Accuracy of the Report", reads:

> **(b)** *Accuracy of report*. **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.**

40. Experian violated 15 U.S.C. §1681i(a)(4), by not considering and reviewing all the relevant information that Plaintiff sent in with her dispute. Plaintiff included a copy of the TD Auto suit against him, as well as a copy of the motion for declaratory judgment, and a copy of the Court Order. It is on information and belief that Experian ignored Plaintiff's attachments to his dispute letter and followed TD Auto instructions to continue reporting, even in light of overwhelming evidence that it was being reported inaccurately.

## EQUIFAX'S FCRA VIOLATIONS

41. Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

42. Equifax violated its duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's dispute.

43. Plaintiff disputed his TD Auto account with Equifax with two detailed dispute letters, which also included the petition and the Court Order ruling in favor of Baldwin. Plaintiff also disputed her TD Auto tradeline via phone call. Each time Equifax notified Baldwin that they would continue reporting the inaccurate information, or just continued to report the inaccurate trade line, even though Equifax received a Court Order stating that Baldwin did not owe TD Auto the amount that they are reporting.

44. If Equifax had conducted a reasonable, good-faith investigation, they should have determined that TD Auto was providing them with inaccurate data.

15 U.S.C. §1681i(a)(1)(A), "Procedure in case of disputed accuracy", reads, in relevant part:

> **(a)** **Reinvestigations of disputed information**
>
> > i. **Reinvestigation Required**
> >
> > > i. *In general*. **Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which**

>           the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. §1681i(a)(5), "Treatment of Inaccurate or Unverifiable Information", reads, in relevant part:

>   **(A)**   ***In general.*** **If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall -**
>
>       **(i)**   **promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and**
>
>       **(ii)**   **promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.**

45.    Equifax is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Equifax had followed reasonable procedures to assure maximum accuracy, Equifax would not have allowed TD Auto to continue reporting false, misleading, and inaccurate information. Equifax received a detailed and thorough dispute letter, with a copy of the state court lawsuit filed against Baldwin and the Court Order that ruled in favor of Baldwin. Equifax was put on notice that the information that they were reporting was false, misleading, and inaccurate.

Section 15 U.S.C. §1681e(b), "Accuracy of the Report", reads:

>   **(b)**   ***Accuracy of report.*** **Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.**

46.    Equifax violated 15 U.S.C. §168li(a)(4), by not considering and reviewing all the relevant information that Plaintiff sent in with her dispute. Plaintiff included a copy of TD Auto suit against him and a copy of Court Order. It is on information and belief that Equifax ignored Plaintiff's attachments to his dispute letter and followed TD Auto instruction to continue reporting, even in light of overwhelming evidence that it was being reported inaccurately.

## TD AUTO'S FCRA VIOLATIONS

47.    TD Auto knew or should have known that Baldwin never owed this debt. They were put on notice from Fenton Hyundai that the transaction never took place, the vehicle was never delivered, there were no monthly payments made, no repossession from Baldwin, and no auction. Yet somehow a debt that was originally $22,420.20 somehow came down to $7,758.52 by the time the lawsuit was filed. That is with virtually no payment history from Baldwin, and a windfall of $10,000 from the purported auction. Yet TD Auto still attempted to sue Baldwin for this nonexistent debt. It's also interesting that TD Autos lawyers provided absolutely no evidence of

Baldwin's pre auction Once Baldwin lawyered up and called TD Auto on the carpet, they were quick to take a mutual walkaway. TD Auto knows or should know that a dismissal with prejudice in a Texas court precludes them from any other attempts at collection, but they insist on staying on reporting this false debt to the credit bureaus and having collection agencies send him harassing letters.

48. TD Auto violated its duty under 15 U.S.C. §1681s-2(b) to conduct a good faith investigation into Plaintiff's disputes and failed to delete or correct the inaccurate information. Plaintiff disputed his TD Auto account with Experian and Equifax with two detailed dispute letters, which also included a copy of the agreement between the parties, the motion for declaratory relief and the Court Order ruling in favor of Baldwin. After receiving two disputes from Experian and Equifax, TD Auto did not conduct a complete, accurate or reasonable investigation into the disputes they received from Experian, Equifax, and TransUnion. TD Auto should have already known or discovered that the information they were reporting was inaccurate. For TD Auto to be liable under 15 U.S.C. §1681, Plaintiff must dispute the account with Experian and Equifax, the credit reporting bureaus then contacts TD Auto regarding the dispute, and TD Auto must conduct a good faith and reasonable "investigation" as well, and then provides Experian and Equifax, corrected credit data or delete the trade line. The credit data that TD Auto is providing Experian and Equifax is false, misleading, and inaccurate, and if TD Auto had conducted a good faith, reasonable investigation, they would have discovered the inaccurate data.

49. If TD Auto had conducted a reasonable, good faith investigation, they should have determined that they were providing the bureaus with inaccurate data. The section entitled "Duty of Furnishers of Information Upon Notice of Dispute" under 15 U.S.C. §1681s-2(b) reads:

> **(1)** **After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall**
>
> **(A)** **conduct an investigation with respect to the disputed information;**
>
> **(B)** **review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;**
>
> **(C)** **report the results of the investigation to the consumer reporting agency;**
>
> **(D)** **if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.**
>
> **(E)** **if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate based on the results of the reinvestigation promptly -**

      **(i)**    modify that item of information;

      **(ii)**    delete that item of information; or

      **(iii)**    permanently block the reporting of that item of information.

### NORTHSTARS VIOLATIONS OF THE FAIR DEBT COLLECTION ACT

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. NorthStar Location Service, LLC has violated 15 U.S.C. §1692e(2)(A) by falsely representing the character and/or the legal status of the alleged debt. NorthStar violated 15 U.S.C.§1692e(8) by reporting credit information to Baldwin that they knew or should have known to be false. Northstar violated Federal Statutes 15 U.S.C. §1692e(10) for using false representation or deceptive means to collect or attempt to collect any debt from Baldwin.

52. 15 U.S.C. §1692e "False or Misleading Representation" reads, in relevant part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2)**    **The false representation of—**

    **(A)**    **the character, amount, or legal status of any debt**

**and;**

**(8)**    **Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

**and;**

**(10)**    **The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

### ASSOCIATED'S VIOLATIONS OF THE FAIR DEBT COLLECTION ACT

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. Associated Credit Services Inc. has violated 15 U.S.C. §1692e(2)(A) by falsely representing the character and/or the legal status of the alleged debt. Associated violated 15 U.S.C.§1692e(8) by reporting credit information to Baldwin that they knew or should have known to be false. Associated violated Federal Statutes 15 U.S.C. §1692e(10) for using false representation or deceptive means to collect or attempt to collect any debt from Baldwin.

55.     15 U.S.C. §1692e "False or Misleading Representation" reads, in relevant part:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**(2)      The false representation of—**

**(A)     the character, amount, or legal status of any debt**

**and;**

**(9)      Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.**

**and;**

**(11)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

57.     The conduct of the Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages, and harm to Plaintiff and as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as such other relief, permitted by law.

58.     As a result of Defendants conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

59.     As a result of Defendants conduct, Plaintiff has suffered actual damages to Plaintiff's great detriment and loss.

60.     At all times pertinent hereto, Defendants were acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

61.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## DEMAND FOR JURY TRIAL

62.     Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants Equifax, Experian, TransUnion, and TD Auto based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1681;
(b) Statutory damages pursuant to 15 U.S.C. §1681;
(c) Punitive damages pursuant to 15 U.S.C. §1681;
(d) Actual damages pursuant to 15 U.S.C. §1692;
(e) Statutory damages pursuant to 15 U.S.C. §1692;
(f) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o, 15 U.S.C. §1692; and
(g) Such other and further relief as may be necessary, just, and proper.

May 20, 2024

Respectfully submitted,

/s/James A. Foley

_____
James A. Foley, SBN 24055491
Daniel Ciment, SBN 24042581
CIMENT LAW FIRM, PLLC
1751 River Run #280
Fort Worth, Texas 76107
(833) 663-3289, ext. 3006
Fax (855) 855-9830
Courtfilings@Cimentlawfirm.com
James@Cimentlawfirm.com
ATTORNEY FOR PLAINTIFF
ROBERT BALDWIN

# EXHIBIT A



**Fenton HYUNDAI OF MESQUITE**

To: Robert Franklin Baldwin

We at Fenton Hyundai will be purchasing the 2012 Cadillac CTS with vin# 1G6DC1E36C0158951 loan from TD Auto Finance under Mr Baldwin's name. Robert Baldwin does not own the Cadillac or has ever taken possession of the vehicle.

This deal was submitted on mistake and we are fixing the issue.

We apologize for any inconvenience this has or may cause.

Thanks,

*G E. М̶̶̶̶̶*   8-21-18

Management

RFB 0001